UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ,

                     Plaintiff,

      v.

ANNETTE HOLM, et al.,

                  Defendants.

_____

<u>DECISION & ORDER</u>

16-CV-6373W

        Pending before this Court is a motion by defendants seeking sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, including an order dismissing plaintiff's complaint, as a result of his alleged refusal to appear for his scheduled deposition. (Docket # 60). Plaintiff opposes the motion on the grounds that he did not refuse to appear, but rather that corrections officials at Clinton Correctional Facility refused to transport him from his cell to the deposition. (Docket # 66).

        Defendants filed the pending motion on January 29, 2019. (Docket # 60). The Court issued a motion scheduling order setting a deadline of March 6, 2019 for plaintiff Henry Benitez ("Benitez" or "plaintiff") to respond. (Docket # 61). No response was filed. This Court later recognized that although the motion scheduling order had been sent to plaintiff at his address of record (Auburn Correctional Facility), he was apparently housed at Clinton at that time. (Docket # 65). While the order had not been returned as undeliverable, the Court nonetheless determined that the prudent course was to issue an amended scheduling order, affording Benitez another opportunity to respond to the motion. (*Id.*). Benitez did so. (Docket # 66). He admits that he received the original scheduling order, but claims that "unbeknownst to

[him], prison officials did not send the oppositional papers to the Court and [opposing counsel]." (*Id.* at 11).

Benitez does not dispute that he received notice of his deposition scheduled for December 11, 2018 and understood he was to be deposed by defendants' counsel at Clinton that morning. (*Id.* at 2-3). While both sides agree that plaintiff did not appear for the deposition, they sharply dispute the reason for his non-appearance. To support their version of events, defendants submitted transcripts of sworn testimony from Corrections Officer Charles Lawfer and Sergeant Patrick Stotler.[1] (Docket # 60-1 at 11-28). Lawfer testified that he went to Benitez's cell before the deposition that morning and told him "he had a meeting with the attorney general," and Benitez "declined to go." (*Id.* at 17). Stotler testified that Lawfer informed him that Benitez had refused the deposition "call out," and Stotler then went to Benitez's cell and "asked him if he refused to go to the meeting with the attorney general's office." (*Id.* at 26). According to Stotler, Benitez responded that he was not going. (*Id.*). Stotler inquired, "are you sure you don't want to go," and Benitez responded, "no I don't." (*Id.*). Stotler further stated that Benitez did not seem to be ill and appeared "very calm." (*Id.*).

Benitez submitted a declaration bearing the date February 19, 2019, setting forth his alleged version of the events. (Docket # 66). According to Benitez, Lawfer arrived at his cell and told him he had a meeting with the attorney general, and he responded that he was "ready to go." (*Id.* at 2-3). Rather than escort him to the deposition, Lawfer left. (*Id.*). Later that morning, Stotler came to his cell and asked him whether he had refused to go to the "meeting with the attorney general," and plaintiff replied, "absolutely not." (*Id.* at 3). Like Lawfer, Stotler departed Benitez's cell area without escorting him to the deposition. (*Id.*). He

---

[1] As defendants' papers explain, Lawfer and Stotler provided sworn testimony to defendants' counsel that morning in the presence of the court reporter whom counsel had engaged for the scheduled deposition. (*Id.* at 2).

contends that Lawfer and Stotler's actions were designed to disrupt the progress of this lawsuit and were taken "in retaliation for [his] filing of [two] grievances [filed] against Stotler" in the weeks leading up to the scheduled deposition. (*Id.*).

This sharp dispute of facts cannot be resolved on the papers. Both sides have submitted affidavits or declarations under penalties of perjury that offer diametrically opposed reasons for Benitez's non-appearance that cannot be reconciled. Benitez claims that he understood he was to be deposed, intended to participate in the deposition, and expressed that intent to the corrections officials, but the officers refused to escort him and misrepresented his statements and intention in sworn testimony. Defendants, by contrast, affirm that two corrections officials spoke to Benitez that morning to inform him that he had a meeting with the attorney general and that, in separate communication with both officers, he refused to leave his cell and attend the deposition. No video or audio recording of their interactions exists to assist in resolving the dispute.

Benitez is an experienced litigator who well understands the potential consequences of a willful refusal to attend a scheduled deposition. *See, e.g.*, *Benitez v. Palmer*, 654 F. App'x 502, 505 n.3 (2d Cir. 2016) ("Benitez is an unusually experienced *pro se* litigant (he has filed over 33 other *pro se* prisoner civil rights actions in this Circuit)"); *Benitez v. King*, 298 F. Supp. 3d 530, 544 (W.D.N.Y. 2018) (characterizing Benitez as a "prolific litigator" who "appears versed in certain basic legal principles"); *Benitez v. Duquette*, 2008 WL 3930286, *2 (N.D.N.Y. 2008) (addressing motion for sanctions filed against Benitez for delaying deposition). The fact that he has opposed this motion on the grounds of untimeliness also underscores his appreciation of compliance with court-ordered deadlines.[2]

---

[2] Contrary to Benitez's argument (Docket # 66 at 2), defendants' motion is not untimely. They do not seek an order compelling discovery; rather, they seek sanctions arising from Benitez's alleged deliberate refusal to attend

Mindful that this motion cannot be resolved without an evidentiary hearing, which would involve testimony from at least Benitez and the two corrections officials, if not other additional witnesses who may be identified by the parties as having relevant information, this Court is equally cognizant of the severity of the principal sanction sought – dismissal of the action – and the Court's need to consider such a request with care and restraint, particularly where it is sought against a *pro se* litigant. *See*, *e.g.*, *Benitez v. King*, 298 F. Supp. 3d at 544 (declining to impose sanctions dismissing complaint filed by Benitez; "[a]lthough the filing of false documents in bad faith to a court can, in egregious cases, result in dismissal, such an extreme sanction is not warranted at this time[,] . . . especially in light of [Benitez's] *pro se* status, and in view of the fact that the Court has not previously admonished him concerning this matter") (internal quotations and citations omitted); *Cruz v. Zwart*, 2014 WL 4771664, *6 (N.D.N.Y. 2014) (declining to recommend sanction of dismissal of plaintiff's complaint "at this time largely in light of the Second Circuit's oft-repeated admonishment to extend special solicitude to *pro se* litigants"); *Benitez v. Duquette*, 2008 WL 3930286 at *2 (declining to impose sanctions against Benitez for delaying deposition, and noting that "[a] single violation will not ordinarily result in the imposition of a sanction of such finality as dismissal" and that "this was perhaps an occasion where a request for judicial involvement might have resulted in counsel being able to conduct the deposition at that time"). Moreover, the Second Circuit has cautioned that dismissal should not be ordered where the litigant has not been warned that his conduct could result in the termination of his claims or defenses. *See*, *e.g.*, *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) ("[w]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be

---

his deposition, which was scheduled before the expiration of the fact discovery period. (*See* Docket # 34). The pending motion was filed approximately seven weeks after Benitez's non-appearance.

appropriate so long as a warning has been given that noncompliance can result in dismissal") (internal quotations and citations omitted); *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ([t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal").  Consistent with this settled authority, motions seeking a sanctions order of dismissal on the grounds that the *pro se* litigant did not appear for a notice deposition are routinely denied where the litigant had not been warned in advance that non-appearance could result in dismissal.  *See, e.g., United States v. $7,877.61 United States Currency*, 2015 WL 1280603, *3 (W.D.N.Y. 2015) ("the Court is constrained by controlling authority to deny plaintiff's request at this time for an order striking claimant's answer" as a sanction for the claimant's failure to appear for deposition); *Velazquez v. Vermont Dep't of Corr.*, 2009 WL 819445, *2 (D. Vt. 2009) (declining to order dismissal where *pro se* plaintiff failed to appear for deposition or respond to written discovery requests but "ha[d] not yet been warned that his failure to participate in discovery might result in the dismissal of his case"); *Burke v. Miron*, 2009 WL 952097, *1 (D. Conn. 2009) ("defendants note, correctly, that [*pro se*] plaintiff is a prolific and experienced litigator in this district[;] [n]onetheless, in light of the Second Circuit precedent requiring a clear warning to *pro se* litigants in such circumstances, the court recommends that the defendants' motion to dismiss be denied").  As defendants concede, Benitez was not so warned.  (Docket # 60-2 at 3).  Nor is there any evidence to which defendants point to demonstrate that Benitez has engaged in other allegedly obstructive, dilatory or bad faith conduct during the course of this litigation.  *See, e.g., Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (in evaluating appropriateness of sanctions, including dismissal, a court should consider, *inter alia*, "the duration of the period of noncompliance").  Under these

circumstances, this Court denies defendants' motion without prejudice to renewal in the event that Benitez does not appear for a rescheduled deposition.

Benitez is no longer being housed at Clinton Correctional Facility; he is now incarcerated at Marcy Correctional Facility. (*See* Docket # 64). The Court has every expectation that Benitez will appear for a properly rescheduled deposition and that the corrections officials at Marcy will transport him without incident. Assistant Attorney General Levine is directed to notify this Court of the date and time of the rescheduled deposition and to telephone chambers immediately in the event that Benitez does not appear so that the Court may have the opportunity to address the issue at the time. Defendants are further permitted, if they choose, to conduct the deposition by telephone.

On this record, defendants' motion for Rule 37 sanctions **(Docket # 60)** is **DENIED without prejudice**. Counsel for defendants shall advise this Court by no later than **September 16, 2019** of the date and time for plaintiff's rescheduled deposition.

**Plaintiff Henry Benitez is warned that any willful failure to appear for the rescheduled deposition will result in an order dismissing his action and entering judgment in favor of defendants, and imposing any other appropriate sanctions.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      September 10, 2019